In the matter of AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE, et al., Plaintiffs,

v.

PRISON FELLOWSHIP MINISTRIES, et al., Defendants.

Nos. 4:03–cv–90074, 4:02–cv–90447, 4:03–cv–90101.

United States District Court,
S.D. Iowa,
Central Division.

May 19, 2008.

Richard B. Katskee, Ayesha N. Khan, Alex J. Luchenitser, Heather Lynn Weaver, Americans United, Washington, DC, Dean A. Stowers, Rosenberg, Stowers & Morse, Des Moines, IA, for Plaintiffs.

Gordon E. Allen, Johnston, IA, Michael Edward Lacy, Robert A. Angle, Megan Conway Rahman, George A. Somerville, Ashley L. Taylor, Jr., Anthony F. Troy, Troutman Sanders LLP, Richmond, VA, H. Loraine Wallace, Department of Justice, Des Moines, IA, Brent R. Appel, Wandro, Baer, Appel & Casper, PC, Des Moines, IA, Kevin C. Newsom, Alabama Attorney General, Montgomery, AL, for Defendants.

## ORDER

ROBERT W. PRATT, Chief Judge.

In late 2005, this Court conducted a bench trial on the question of whether the contractual relationship between the State of Iowa Department of Corrections ("Dept. of Corrections") and InnerChange Freedom Initiative ("InnerChange") and Prison Fellowship Ministries ("Prison Fellowhip") impermissibly advances religion in violation of the Establishment Clause of the First Amendment to the United States Constitution and in violation of the Iowa Constitution. This Court filed a Memorandum Opinion and Order on the matter on June 2, 2006. Clerk's No. 367. Therein, the Court declared that the contractual relationship between the State of Iowa, as managed and directed by the named state Defendants, and InnerChange and Prison Fellowship violates the Plaintiffs' Establishment Clause rights as contained in the Federal and Iowa Constitutions by impermissibly funding the InnerChange treatment program at the Newton Facility. *Id.* at 126. The Court further found that there exists "no set of circumstances under which state funds could support the transformational values-based treatment methods employed in the InnerChange program." *Id.* at 127. Accordingly, the Court entered the following injunction: "[T]he InnerChange treatment program is hereby permanently enjoined from further operation at the Newton Facility, or any other institution within the Iowa Dept. of Corrections, so long as it is supported by government funding." *Id.* at 128. The Court further ordered, amongst other things, that InnerChange and Prison Fellowship "repay the Dept. of Corrections the full amount of state funds paid to InnerChange since the inception of its contractual relationship with the Dept. of Corrections in 1999." *Id.* at 139. Specifically, the Court ordered that $843,150 be refunded, in pro rata fashion, to Telephone Fund accounts, and that $686,032.70 be refunded to the Tobacco Trust. *Id.*

The parties appealed the Court's Memorandum Opinion and Order to the Eighth Circuit Court of Appeals. The appellate court affirmed the Court's conclusion that the funding of the InnerChange program violated the federal and state constitutions, but reversed (and remanded) the Court's order granting recoupment for services rendered before the Court's Memorandum Opinion and Order was filed. The Court of Appeals issued a mandate with regard

to its order on January 17, 2008. Clerk's No. 393.

In April 2008, the parties contacted the Court to schedule a "status conference." Such conference was held via telephone on April 8, 2008. In essence, Prison Fellowship and the State of Iowa requested that the Court dissolve the permanent injunction barring the InnerChange treatment program "from further operation at the Newton Facility, or any other institution within the Iowa Dept. of Corrections, so long as it is supported by government funding." Plaintiffs, Americans United for Separation of Church and State et al. ("Plaintiffs") resisted the request. The Court, therefore, ordered that counsel for each party file a two-page letter explaining the party's position on the matter. Prison Fellowship and the State of Iowa ("Defendants") each filed a letter on April 24, 2008 (Clerk's Nos. 398, 399). Plaintiffs filed a letter on April 24, 2008 (Clerk's No. 399), but also filed a "Motion for Leave to File Exhibits in Support of Letter to Court," accompanied by approximately 65 pages of proposed exhibits. Clerk's No. 400. Defendants resist any consideration by the Court of the proposed exhibits. *See* Clerk's No. 396.

In substance, Defendants point out that the Iowa Department of Corrections has terminated its contract with the Inner-Change program, that the InnerChange program has completely moved out of the Newton Correctional Facility, and that any funds required to be paid back to the State of Iowa were, in fact, paid. Defendants urge the Court to dissolve the injunction pursuant to Federal Rule of Civil Procedure 60(b)(5), which authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding [when] applying it prospectively is no longer equitable." In short, Defendants argue that, since the constitutional violations at issue have now been remedied,

further oversight by the Court is inappropriate.

Plaintiff, on the other hand, counters that dismissing the case and dissolving the injunction would be contrary to the mandate of the Eighth Circuit, and that the injunction is not moot merely because past constitutional violations have been remedied.

■ As Plaintiffs point out, this Court "is bound to respect the mandate of an appellate tribunal and cannot reconsider questions which the mandate has laid at rest." *Fed. Commc'n Comm'n v. Pottsville Broad. Co.*, 309 U.S. 134, 140, 60 S.Ct. 437, 84 L.Ed. 656 (1940); *see also Moore v. Bennette*, 517 F.3d 717, 727 (4th Cir.2008) (" 'The mandate rule prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest.' " (quoting *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007))). Prison Fellowship argued before the Court of Appeals that this Court's injunction was not narrowly tailored " 'to fit the exigencies of the particular case.' " Prison Fellowship's Appeal Br. at 63 (quoting *ES Dev. v. RWM Enters.*, 939 F.2d 547, 558 (8th Cir.1991)). "Ignoring this requirement, the court issued the broadest possible prohibitory injunction: banning InnerChange from *ever* contracting with Iowa for paid services, *no matter* the terms.... The court abused its discretion by preferring this 'absolute bar' to the narrower remedy of enjoining the current contract, and perhaps any future contract that similarly violated the Establishment Clause." *Id.* at 63–64.

Reviewing the Court of Appeals opinion on the matter, it is clear that the appellate tribunal considered and ultimately approved the injunctive relief entered by the Court. First, the Eighth Circuit expressly rejected an argument by Defendants that the injunctive relief was moot, noting that

the burden rests with Defendants to show that "'the challenged conduct cannot reasonably be expected to start up again,'" and that Defendants' attempt to place the burden of showing a likelihood of recurrence on Plaintiffs amounted to Defendants "effectively ask[ing] this court to vacate the injunction without any assurance that they will not resume the prohibited conduct." *Americans United for Separation of Church and State, et al. v. Prison Fellowship Ministries, Inc., et al.,* 509 F.3d 406, 421 (8th Cir.2007) (order docketed at Clerk's No. 391) (quoting *Lankford v. Sherman,* 451 F.3d 496, 503 (8th Cir.2006) (other citations omitted)). Furthermore, the Eighth Circuit rejected Defendants' argument that the injunction entered was overbroad or otherwise inappropriate:

> Prison Fellowship, InnerChange, and the DOC object that the injunction is overbroad, claiming it bars InnerChange from ever contracting with the DOC. They cite the district court's ultimate statement: "[T]he InnerChange treatment program is hereby permanently enjoined from further operation at the Newton Facility, or any other institution within the Iowa Dept. of Corrections, so long as it is supported by government funding."
>
> To the contrary, the injunction, in context, applies only to programs like those operating before the district court's order and funded by the unconstitutional structures for those years. The court's ultimate declaratory relief is:
>
> > [T]he contractual relationship between the state of Iowa, *as managed and directed* by the named state Defendants, and InnerChange and Prison Fellowship violates the Plaintiffs' Establishment clause rights as contained in the Federal and Iowa Constitutions by *impermissibly funding* the InnerChange treatment program at the Newton Facility.

(emphasis added). The district court did not forever ban Prison Fellowship and InnerChange from operating in Iowa.

*Id.* at 428. Thus, Plaintiffs are correct in the assertion that the injunction was considered and approved by the Court of Appeals.

■ Despite the fact that the imposition of an injunction in the first instance is subject to the "mandate rule," this Court is not barred by that rule from consideration of the status of the injunction. "There is a fundamental difference ... between the granting of retrospective relief and the granting of prospective relief." *Amado v. Microsoft Corp.,* 517 F.3d 1353, 1360 (Fed. Cir.2008). "While the mandate rule would prevent the district court from dissolving the injunction ab initio, it does not preclude the district court from modifying, or dissolving, the injunction if it determines that it is no longer equitable." *Id.* "Due to the equitable nature of injunctive relief, district courts have wide discretion to determine under what circumstances the grant of injunctive relief is appropriate, and under what circumstances the modification or dissolution of that injunction is warranted." *Id.* (internal citations omitted). Accordingly, the Court is not barred from dissolving the injunction now in place under the mandate rule, but rather must look to equitable considerations to determine whether dissolution of the injunction is warranted.

■ In *Rufo v. Inmates of Suffolk Jail,* 502 U.S. 367, 380, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992), the United States Supreme Court expressly recognized that Rule 60(b)(5) which, as noted previously, provides that a party may obtain relief from a court order when "it is no longer equitable that the judgment should have prospective application," embodies a "flexible standard." *Rufo,* 502 U.S. at 380, 112

S.Ct. 748. The burden is on the party seeking modification or dissolution of the injunction to demonstrate "that a significant change in circumstances warrants revision of the [injunction]." *Id.* at 383, 112 S.Ct. 748. This burden may be satisfied "by showing either a significant change either in factual conditions or in law." *Id.* at 384. More specifically, modification or dissolution of an injunction may be warranted "when changed factual conditions make compliance with the [injunction] substantially more onerous ... when an [injunction] proves to be unworkable because of unforeseen obstacles, ... or when enforcement of the decree without modification would be detrimental to the public interest." *Id.*

Here, the only legal or factual condition that has changed since the injunction was imposed in the first instance is that Defendants have complied with the terms of the injunction and the judgment entered by this Court, as modified by the Court of Appeals. Specifically, Defendants have repaid all funds required to be repaid and InnerChange has ceased operations in the Newton Correctional Facility. Thus, according to Defendants, the constitutional violation at issue in this litigation has been fully remedied, and there is no further need for the injunction to remain in force.

Given that Defendants have fully complied with the requirements of this Court's judgment, the only remaining purpose of the injunction is to prevent the Inner-Change treatment program from operating at any Iowa Dept. of Corrections facility, "so long as it is supported by government funding." As the Court of Appeals recognized, this restriction was never intended to, and in fact does not, completely bar InnerChange or Prison Fellowship from operating in Iowa.[1] As such, the injunction does not result in the Court "micro-managing the Iowa prison system," nor does it fail to " 'take into account the interests of state and local authorities in managing their own affairs, consistent with the Constitution.' " State of Iowa Letter at 2 (quoting *Milliken v. Bradley*, 433 U.S. 267, 280–81, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977)). Indeed, were the State to contract with InnerChange for services unsupported in any way by government funds, such contract would not violate the existing injunction and would not necessitate Court intervention or review.[2]

■ Nonetheless, at this point in time, Defendants have not satisfied their burden to show that the cessation of the Inner-Change program or the repayment of funds has made compliance with the injunction more onerous, unworkable, or detrimental to the public interest, such that the injunction should be dissolved. Nor have Defendants provided the Court with "any assurance that they will not resume the prohibited conduct," save for the unsupported assertion that "there are *currently* no plans for InnerChange to operate in any Iowa Department of Corrections

---

1. Indeed, this Court recognized in its Bench Order that "a private choice program could be set up by disassociating all state aid to InnerChange through an arrangement that would mean InnerChange and Prison Fellowship would offer an off-site program while incurring all the costs of programming, i.e., building, salaries, supplies, and equipment." Order at 128.

2. The exhibits offered by Plaintiffs in support of maintenance of the injunction purport to demonstrate an interest by InnerChange in restarting a program in Iowa in the future. The exhibits, however, do little to aid the Court's analysis since they do not indicate any intent to have the program operate in Iowa *with the aid of government funding.* Accordingly, since the exhibits play no role in the Court's ultimate conclusion in this matter, the Motion for Leave to File Exhibits (Clerk's No. 400) is DENIED.

facility." State of Iowa Letter at 1 (emphasis added). When considered in conjunction with the fact that the injunction has only been in place and enforceable since January 17, 2008, the date of the Eighth Circuit's mandate, the Court has scant information on which to conclude that it is unlikely that "'the challenged conduct cannot reasonably be expected to start up again.'" *Americans United,* 509 F.3d at 421 (quoting *Lankford,* 451 F.3d at 503).

Accordingly, for the reasons stated herein, the Court finds, consistent with the mandate of the Eighth Circuit Court of Appeals, that the June 5, 2006 Judgment entered in this case is hereby amended to reduce the amount required to be repaid by InnerChange and Prison Fellowship to the Department of Corrections to $199,823.42, all of which must be returned to the Tobacco Trust. While the parties have informed the Court that the full amount of judgment noted has been paid, and that InnerChange has ceased operations in the State of Iowa, the rest of the Court's June 5, 2006 Judgment remains in full force and effect, including the permanent injunction, which the Court retains jurisdiction to enforce. That said, the Court is willing to reconsider the matter upon the filing of a proper motion to dissolve the injunction, filed pursuant to Federal Rule of Civil Procedure 60(b)(5), in eighteen months time,[3] assuming full and continued compliance with the terms of the injunction by Defendants.

IT IS SO ORDERED.

---

**3.** A term of eighteen months will permit Defendants to better gauge and inform the Court of their intent with regard to the InnerChange program and any potential future operations in Iowa, and will provide a long enough period of time for the Court to give due weight to Defendants' substantial compliance with the terms of the injunction.